# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| DENISE SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-0120 |
| | ) | Hon. Marvin E. Aspen |
| CITY OF LEWISBURG, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Denise Savage claims that she was constructively terminated from her employment with the Lewisburg Police Department after suffering gender discrimination, sexual harassment, and retaliation, in violation of Title VII of the Civil Rights Act. Trial is set to commence in this case on December 8, 2014. Presently before us are three motions in limine filed by Plaintiff. (Dkt. 90, MIL.) For the reasons set forth below, we deny Plaintiff's second and third motions entirely, and we deny Plaintiff's first motion in part and grant it in part.

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 (1984)). "The Federal Rules of Evidence, the Federal Rules of Criminal and Civil Procedure and interpretive rulings of the Supreme Court and this court all encourage, and in some cases require, parties and the court to utilize extensive pretrial procedures—including motions in limine—in order to narrow the issues remaining for trial and to minimize disruptions at trial."

1

*United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *see United States v. Huff*, No. 10 CR 73, 2011 WL 4916195, at *1 (E.D. Tenn. Oct. 27, 2011). Because a ruling on a motion in limine is "subject to change as the case unfolds," this ruling constitutes a preliminary determination in preparation for trial. *See Luce*, 469 U.S. at 41, 105 S. Ct. at 463; *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A district court's rulings on in limine motions will be reversed only where the court abuses its discretion, that is, "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it employs an erroneous legal standard." *United States v. Gunter*, 551 F.3d 472, 483 (6th Cir. 2009); *United States v. Cline*, 362 F.3d 343, 348–49 (6th Cir. 2004).

## ANALYSIS

**I.     Testimony regarding Plaintiff's Relationship with Seth Feinson**

In Plaintiff's first motion in limine, she requests that we exclude all testimony, evidence, and argument related to her relationship with her co-worker Seth Feinson. (MIL at 1–2.) Defendant contends that Plaintiff and Mr. Feinson shared a sexual relationship that they flaunted to other city employees by engaging in public acts of affection, joking about Plaintiff's sexual satisfaction and subjecting other officers to their "lovers' quarrels." (Dkt. 103, Initial Resp. at 1–2.) At trial, Defendant plans to introduce testimony about that relationship and testimony that Plaintiff used profane language and made dirty jokes and sexual references at work. (Dkt. 105, Supp. Resp. at 3.) It argues that this testimony is relevant to establish that Plaintiff contributed to the alleged hostile work environment. (*Id.*) Plaintiff argues that her relationship with Mr. Feinson is not relevant and that its discussion at trial would unfairly prejudice her, particularly because Mr. Feinson was married and is a different race from Plaintiff. (MIL at 1–2.)

To prove her sexual harassment claim, Plaintiff must establish that the alleged sexual conduct was unwelcome. *Meritor Savs. Bank, FSB v. Vinson*, 477 U.S. 57, 68, 106 S. Ct. 2399,

2

2406 (1986) ("The gravamen of any sexual harassment claim is that the alleged sexual advances were unwelcome."). Numerous courts in the Sixth Circuit and elsewhere have found that a plaintiff's sexual behavior in the public workplace is relevant to sexual harassment and hostile work environment claims because it is probative as to whether the alleged conduct was unwelcome. *See Wilson v. City of Des Moines*, 442 F.3d 637, 643 (8th Cir. 2006) (finding testimony regarding the plaintiff's "workplace behavior and comments . . . was highly probative of the question of whether the alleged harassment was unwelcome"); *Myer-Dupuis v. Thomson Newspapers, Inc.*, 134 F.3d 371, 1997 WL 809955, at *2 (6th Cir. Dec. 19, 1997) (unpublished) (holding that the district court did not abuse its discretion by admitting testimony that the plaintiff held sexual conversations with her co-workers in public spaces); *Cassidy v. CSX Trans., Inc.*, No. 6:03-376-DCR, 2005 WL 6740409, at *2 (E.D. Ky. May 17, 2005) (finding that the plaintiff's conversations about her past employment at a strip club were admissible in a Title VII case when offered by Defendant to show the alleged sexual harassment was welcomed); *Browne v. Signal Mountain Nursery, L.P.*, 286 F. Supp. 2d 904, 923 (E.D. Tenn. 2003) (finding that evidence of the plaintiff's sexual behavior in the workplace was admissible since it "certainly was probative of what she subjectively believed to be harassment").

We agree that Plaintiff's own sexual behavior and comments in the workplace are highly relevant to whether the alleged harassment was unwelcome. This holding does not mean, however, that all the intimate details of Plaintiff's and Mr. Feinson's relationship should be on display at trial. We will draw the line between permissible inquiry into Plaintiff's workplace conduct and impermissible inquiry into her private sexual relationships. *Ogden v. All-State Career Sch.*, 299 F.R.D. 446, 449 (W.D. Pa. 2014) ("[C]ourts have generally drawn the line on permissible discovery in this area by permitting discovery of the plaintiff's work-related sexual

conduct, but not permitting inquiry into plaintiff's private sexual conduct."); *see* Fed. R. Evid. 412, advisory committee notes ("In an action for sexual harassment . . . while some evidence of the alleged victim's sexual behavior and/or predisposition in the workplace may perhaps be relevant, non-work place conduct will usually be irrelevant."). For example, Plaintiff's co-workers may testify about what they saw and heard Plaintiff say and do in public workspaces. On the other hand, we will not permit Defendant to elicit testimony regarding the private details of Plaintiff's and Mr. Feinson's lives, such as Mr. Feinson's marital status and race. *See Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 856 (1st Cir. 1998) (finding the district court did not abuse its discretion by admitting testimony regarding plaintiff's flirtatious behavior in the workplace and excluding testimony regarding the marital status of her boyfriend).

Although Plaintiff does not argue that the relationship should be excluded under Federal Rule of Evidence 412, the Advisory Committee Notes specify that Rule 412 applies to Title VII sexual harassment claims. Fed. R. Evid. 412, advisory committee notes; *see Kessler v. Riccardi*, 363 F. App'x 350, 358 (6th Cir. 2010); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002); *Wolak v. Spucci*, 217 F.3d 157, 160 (2d Cir. 2000); *Myer-Dupuis*, 1997 WL 809955, at *2; *Rhodes v. Motion Indus., Inc.*, No. 1:07 C 251, 2008 WL 4646110, at *3 (E.D. Tenn. Oct. 17, 2008); *Cassidy*, 2005 WL 6740409, at *2; *Browne*, 286 F. Supp. 2d at 923. In civil cases dealing with sexual misconduct, Rule 412 permits "evidence offered to prove a victim's sexual behavior or sexual predisposition [only] if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). We raise this issue because, before admitting evidence of a plaintiff's sexual conduct, Rule 412 requires the defendant to give at least fourteen days notice of the nature and purpose of the evidence, and also requires the court to conduct an in camera hearing. Fed. R.

4

Evid. 412(c). The Sixth Circuit has not definitively held that a Rule 412(c) in camera hearing is required in Title VII cases, but we find it prudent to hold one here where the disputed evidence has the potential to take a central focus in the case. *See Cassidy*, 2005 WL 6740409, at *2 (ordering an in camera hearing pursuant to Rule 412 in a sexual harassment case).

We will conduct, if requested, an in camera hearing immediately following the final pre-trial conference to review the Rule 412 evidence that Defendant intends to introduce. Accordingly, at least fourteen days before the hearing, by November 24, 2014, Defendant must file a written motion that specifically describes the evidence it plans to introduce regarding Plaintiff's sexual behavior and her relationship with Mr. Feinson, keeping in mind the parameters set herein, and the purpose for which it will offer that evidence. *See* Fed. R. Evid. 412(c)(1). Plaintiff may respond in writing on or before December 1, 2014 and Defendant may file a reply on or before December 4, 2014.

## II. Settlement Offers and Negotiations

Plaintiff's second motion in limine seeks to exclude "any argument or evidence regarding any settlement discussions or negotiations between the Plaintiff and the City of Lewisburg or its agents at or around the time of the termination of her employment." (MIL at 2.) Apart from this generic statement, Plaintiff did not identify any specific settlement discussions or negotiations or provide any additional explanation regarding the evidence that she seeks to exclude. In its response, Defendant suggests that Plaintiff is referring to Defendant's efforts to accommodate her by placing her on a different shift and scheduling her with different officers before she resigned. (Initial Resp. at 2.) Since Plaintiff did not provide any other details for us to consider, we will assume that these efforts are in fact the target of her motion.

Federal Rule of Evidence 408 prohibits any party from admitting evidence—for certain purposes—of offers to settle as well as conduct or statements made in settlement discussions.

5

Fed. R. Evid. 408(a); *see Eid v. Saint-Gobain Abrasives, Inc.*, 377 F. App'x 438, 444 (6th Cir. 2010). Such evidence cannot be admitted "either to prove or disprove the validity or amount of a disputed claim," but it may be introduced for other purposes, "such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408.

As stated in the parties' Joint Proposed Pre-Trial Order, two issues at trial will be whether Plaintiff was constructively discharged and whether Defendant failed to take prompt and appropriate actions to end the alleged harassment. (Dkt. 79 at 4.) Efforts taken by the police department to resolve Plaintiff's complaints before she resigned—such as changing Plaintiff's shift and/or scheduling her with different officers—could be critical to Defendant's defense on these issues.[1] It would be unfair to permit Plaintiff to advance a constructive discharge theory and simultaneously preclude Defendant from offering evidence of its efforts to accommodate her. Accordingly, we find that this evidence is admissible and we deny Plaintiff's second motion in limine.

### III. Testimony Beyond Witness's Personal Knowledge

Finally, in her third motion in limine, Plaintiff asks that we enter a blanket order barring witnesses from testifying about matters beyond their personal knowledge. (MIL at 3.) The Federal Rules of Evidence already prohibit hearsay and other testimony outside witness' personal knowledge. At trial, we will apply the hearsay rules and we will require counsel to lay proper foundation before eliciting witness testimony on a given topic. Now, however, without

---

[1] Constructive discharge requires evidence "that 1) the employer . . . deliberately create[d] intolerable working conditions, as perceived by a reasonable person, and 2) the employer did so with the intention of forcing the employee to quit. . . ." *Logan v. Denny's, Inc.*, 259 F.3d 558, 568–69 (6th Cir. 2001) (internal citation omitted).

6

any facts or details before us, we will not issue the broad and imprecise order that Plaintiff requests. *See Riccardi v. Kessler*, No. 06 C 0605, 2007 WL 7083657, at *3 (M.D. Tenn. Oct. 5, 2007) *aff'd*, 363 F. App'x 350 (6th Cir. 2010) ("Objections based on lack of personal knowledge should be raised at trial at the time the evidence is offered."). Accordingly, Plaintiff's third motion in limine is denied.

## CONCLUSION

For the reasons discussed herein, Plaintiff's motion to exclude evidence of her relationship with Seth Feinson at this time is denied in part and granted in part. Plaintiff's motion to exclude argument and evidence regarding settlement offers and negotiations, and her motion to exclude testimony beyond witness' personal knowledge are denied entirely. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: Chicago, Illinois
October 9, 2014