UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DENISE SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-0120 |
| | ) | Hon. Marvin E. Aspen |
| CITY OF LEWISBURG, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

On December 1, 2014, one week before trial is scheduled to begin, Plaintiff Denise Savage filed a Third Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37, arguing that Defendant City of Lewisburg breached its duty to preserve discoverable evidence and failed to comply with our past order compelling discovery. Specifically, Plaintiff asserts that Defendant: (1) failed to preserve and produce relevant audio recordings; (2) failed to produce sufficient payroll and promotion data; (3) failed to produce specific documents requested during counsel's first visit to Lewisburg; and (4) failed to produce specific documents requested during counsel's second visit to Lewisburg on November 12, 2014. We referred the fourth of these issues to the Magistrate Judge, and we resolve the remaining three issues here.

**BACKGROUND**

In our previous ordering compelling discovery we explained the basis of Plaintiff's complaint, and thus we do not reiterate the details again here. In short, Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, claiming that she suffered gender discrimination, sexual harassment and retaliation from her former co-workers and supervisors

1

while working as a patrol officer for the City of Lewisburg Police Department ("the police department"). In support of her retaliation claim, she asserts that after she complained to the police department about the alleged sexual harassment, her fellow officers retaliated against her by failing to provide adequate backup assistance when she was on patrol.

On October 6, 2014, we granted in part Plaintiff's request for an ordering compelling discovery. Pertinent here, we ordered Defendant to produce by October 20, 2014: (1) "all audio or video recordings, including dispatch calls, related to Plaintiff's complaints of harassment, discrimination, or retaliation" from the specific dates on which Plaintiff claims that she did not receive proper backup assistance; (2) any documents listed on Exhibit T to Plaintiff's second sanctions motion that were not already produced; and (3) a list of information related to pay increases and promotions for all police department employees between January 1, 2007 and January 1, 2010, or alternatively, access to the police department employees' personnel files. (Op., Dkt. 120.)

Plaintiff argues that Defendant failed to comply with this order and thus sanctions are warranted. In addition, she claims that after we issued our order Defendant revealed for the first time that the requested audio recordings are unavailable because the computer used to review the tapes is permanently broken. Plaintiff contends that Defendant was under a duty to preserve these audio recordings in an accessible format, and its failure to do so justifies sanctions. Plaintiff seeks a default judgment on liability, an order striking Defendant's affirmative defenses, adverse inference instructions to the jury, monetary sanctions, and any other sanctions that we deem appropriate. (Mem. at 1, 20.)

## DISCUSSION

Rule 37 permits the court to issue sanctions when a party fails to comply with a court order compelling discovery. Fed. R. Civ. Proc. 37. Rule 37(b) lists specific sanctions available

to the district court, including rendering a default judgment, prohibiting the disobedient party from asserting certain defenses, and issuing adverse inferences. Fed. R. Civ. Proc. 37(b). Similarly, pursuant to its inherent powers, the court may "impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014) (quoting *Adkins v. Wolever*, 554 F.3d 650, 652–53 (6th Cir. 2009)). The nature and extent of sanctions issued for spoliation and for failure to comply with a discovery order is within the sound discretion of the court and should be based on the facts of the individual case. *Automated Solutions*, 756 F.3d at 513 (quoting *Flagg v. City of Detroit*, 715 F.3d 165, 178 (6th Cir. 2013)); *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011); *Roslies-Perez v. Superior Forestry Serv., Inc.*, 652 F. Supp. 2d 887, 900 (M.D. Tenn. 2009).

**I.     Audio Recordings**

We previously held that dispatch recordings from the specific days on which Plaintiff claims she received insufficient backup are likely to lead to evidence relevant to her retaliation claim. (Op. at 9.) We also found that these recordings are not likely to be duplicative of other evidence. (Op. at 10.) Accordingly, we asked Plaintiff to provide Defendant with a "reasonable" list of "specific" dates on which she believes backup failures occurred, and ordered Defendant to produce all dispatch tapes and other relevant audio and video recordings from those dates. (*Id.*) Defendant apparently waited until November 12, 2014—three weeks after their supplemental discovery responses were due and less than a month before trial—to inform Plaintiff's counsel that the audio recordings were unavailable because the computer used to read and store them was broken. Defendant then explained to Plaintiff's counsel that the computer vendor could not fix the computer because the system went out of service in 2012. (Mem. at 6.)

Under Rule 37(e), the court may not impose sanctions on a party for "failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Fed. R. Civ. Proc. 37(e). Good faith operation, however, may require a party to modify its routine operation to prevent the loss of information that is covered under a party's duty to preserve. Fed. Rule Civ. Proc. 37(e), advisory committee notes. Here, Defendants were under a duty to preserve the dispatch tapes and other audio recordings well before 2012. "As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including ESI, when that party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008) (quoting *Funitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2nd Cir. 2001)); *see John B. v. Goetz*, 879 F. Supp. 2d 787, 867 (M.D. Tenn. 2010). Plaintiff's 2010 complaint put Defendant on notice of her claim that fellow officers failed to provide adequate backup, and her 2011 initial discovery requests explicitly sought the recordings at issue. Thus, certainly by 2012—when the computer system used to review the audio recordings went out of service—Defendants were on notice that the recordings may be relevant to this litigation and had a duty to preserve them.

Since Defendant was under a duty to preserve the recordings, it should have taken steps to prevent their destruction, by, for example, converting them to an accessible format before the computer system went out of service. *See John B. v. Goetz*, 879 F. Supp. 2d 787, 870–71 (M.D. Tenn. 2010) ("The *continuing* duty to supplement disclosures strongly suggests that parties also have a duty to make sure that discoverable information is not lost. Indeed, the notion of a 'duty to preserve' connotes an ongoing obligation. Obviously, if information is lost or destroyed, it has not been preserved."); *see also Quinby v. WestLB AG*, 245 F.R.D. 94, 104

(S.D.N.Y. 2006) (explaining that converting ESI into inaccessible formats does not result in spoliation *only* because the party would be able to convert it back to an accessible format). Although we cannot find that Defendant's failure convert the files was intentional, we do find its conduct was at least negligent. *See Automated Solutions*, 756 F.3d at 517.

Despite Defendant's apparent contention that the recordings cannot be converted into an accessible format, Plaintiff claims that it has spoken with a company, Page One Document Services ("Page One"), who may be able to convert the files. Plaintiff attached an affidavit from Page One's President and lead IT person, Rip Clayton, stating that if he had access to the files, and if they had been properly maintained, he could transfer the data to another storage medium. (Mem. at 10.) He further states that this process would take "a day or two" and cost approximately one to two thousand dollars. (*Id.*)

Defendant has two options. First, it may choose to hire Page One to convert the files by December 5, 2014. If the files are successfully converted by that date, we will not issue any additional sanctions.[1] Alternatively, if Defendant is unwilling or unable to convert the files by December 5, then we will permit Plaintiff to argue an adverse inference to the jury. *See Automated Solutions*, 756 F.3d at 517 (affirming the district court's decision to issue an adverse jury instruction after finding the offending party's conduct was negligent); *Gilley v. Eli Lilly &*

---

[1] Although Plaintiff contends that it would not have time to review the audio recordings by the start of trial, we disagree. When we ordered Plaintiff to provide a list of dates on which she believed backup failures occurred, we expected that list to include a handful of specific dates, not two entire months as Plaintiff requested. We explained that limiting the discovery to the dates on which backup failures occurred would appropriately balance the burden on Defendants with the likelihood that the recordings would lead to relevant evidence. (Op. at 10.) We recognize there is limited time before trial, but we believe Plaintiff should be able to review recordings from a handful of dates within a few days. Moreover, even though Defendant was required to produce the recordings by October 20, Plaintiff waited until the week before trial before filing this motion. Accordingly, we cannot find that Plaintiff would be unduly prejudiced or burdened if the recordings are produced by December 5.

5

*Co.*, No. 10 C 251, 2013 WL 1701066, at *8 (E.D. Tenn. Apr. 2, 2013) (permitting the jury to draw an adverse inference after finding the plaintiff was at least negligent in its failure to preserve responsive data). Plaintiff may argue that the jury should infer that the unavailable audio recordings contain evidence that Plaintiff's fellow patrol officers failed to provide her adequate backup assistance after she filed sexual harassment complaints.

## II.    Payroll and Promotion Data

After finding that the police department's payroll and promotion data is relevant to Plaintiff's gender discrimination claim, we ordered Defendant to produce the information requested. (Op. at 15.) Since Defendant argued that the information was not readily available in electronic form, we gave it the option of producing all fifty-nine employees' personnel files instead of a concise list of the data. We offered Defendant that choice because it represented that the requested information would be found within those files. (Resp. to 2d Sanctions Mot. at 11.) Apparently this was not the case. Plaintiff claims that although Defendant allowed it to inspect personnel records, the files contain only "sporadic and scant" payroll data. (Mem. at 16.) We find it extremely unlikely that Defendant does not maintain accurate and complete payroll information for its employees. Two of Defendant's own employees stated during deposition or through affidavit that payroll information is stored on the City's computer systems. (*See* Mem. at 13–15.) Moreover, as Plaintiff's economic expert points out, Defendant must maintain payroll information in order to file tax records for their employees. (*Id.* at 17.)

Defendant's refusal to produce this information is likely to prejudice Plaintiff at trial. Indeed, Plaintiff's economic expert submitted an affidavit stating that the limited data Defendant has produced is insufficient to perform an analysis of whether male police officers were paid and promoted at a higher rate than Plaintiff. (*Id.* at 16–17.) This analysis could be critical to Plaintiff's gender discrimination claim. Accordingly, we will permit Plaintiff to argue an

6

adverse inference to the jury. *See Moore v. Weinstein Co., LLC*, No. 9 C 00166, 2012 WL 1657968, at *8 (M.D. Tenn. May 11, 2012) (upholding an adverse jury instruction where the defendant violated the court's order to produce responsive records); *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 202 (E.D.N.Y. 2010) (permitting the jury to draw an adverse inference from withheld documents). Plaintiff may argue that the jury should infer that the withheld payroll and promotion documents would contain evidence that the City of Lewisburg's male police officers were paid and promoted at a higher rate than female police officers.

### III. Documents from Exhibit T

We previously ordered that to the extent Defendant had not already produced the documents that Plaintiff's counsel requested during her first visit to the City of Lewisburg, it was required to produce them. (Op. at 10.) Plaintiff contends that she has still not received fifteen of those documents. (Mem. at 19.) Unless Defendant files an affidavit by December 5, 2014, swearing that the documents do not exist or providing proof that they have been produced, we will permit Plaintiff to argue adverse inferences based on the withheld documents.

### IV. Costs and Fees under Rule 37(a)(5)(a)

Under Rule 37(b)(2)(C), when a party fails to comply with a court order compelling discovery, the "court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances might make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Since we are granting Plaintiff's motion in part, some reasonable attorneys' fees and expenses associated with bringing the instant motion are warranted. Within thirty days after trial is complete, Plaintiff may file an affidavit of reasonable costs and attorneys' fees incurred in bringing its third sanctions motion.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions is granted in part. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: December 3, 2014
Chicago, Illinois